IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>1. LADELE D. SMITH,<br>a/k/a "Dellio," a/k/a "Dog,"<br><br>2. ROY O. FRANKLIN,<br>a/k/a "Roy,"<br><br>4. DAVID J. DUNCAN, IV,<br>a/k/a "Deej," a/k/a/ "DJ,"<br><br>8. CORY T. BROWN,<br>a/k/a "Twin," a/k/a "Codex," and<br><br>10. GARY O. TOOMBS,<br><br>                Defendants. | Case No. 19-00315-01/20-CR-W-DGK |

**GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT OUT-OF-COURT STATEMENT REGARDING DRIVE-BY SHOOTING**

The Government respectfully moves *in limine* for admission of an out-of-court statement under the Federal Rules of Evidence. The evidence is admissible because the statement satisfies an exception to the hearsay rule under Federal Rule of Evidence 804(b)(3). Trial is set for August 29, 2022.

## I. BACKGROUND

Count One of the Superseding Indictment charges all defendants proceeding to trial with conspiring to distribute controlled substances. Counts Six and Seven relate to a drive-by shooting that occurred on September 9, 2019. Count Six charges defendants Smith, Franklin, and Duncan with drive-by shooting, in violation of 18 U.S.C. § 36. Count Seven charges Smith, Franklin and

Duncan with discharging a firearm in furtherance of a crime of violence, namely, the drive-by shooting, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The Government anticipates the following evidence will be introduced at trial regarding the September 9, 2019, shooting.

On September 9, 2019, at approximately 7:20 p.m., Kansas City, Missouri Police Department (KCMOPD) received several calls for service reporting gunshots fired in the area of 35th Street and Woodland Avenue, Kansas City, Missouri (35th and Woodland). A review of video footage from a covert FBI pole camera captured defendant Franklin arrive at 4429 Kensington Avenue, Kansas City, Missouri (4429 Kensington) in a Cadillac sedan at approximately 7:00 p.m. the same day. The video then depicts defendant Franklin transferring guns from the Cadillac sedan into a black Jeep Cherokee. Defendant Franklin then entered the driver's seat of the Jeep and defendant Smith entered the front passenger seat. Defendants Franklin and Smith departed from 4429 Kensington.

Officers processing the shooting scene recovered several 7.62mm and .40 caliber shell casings. Investigators also located a black tinted piece of auto glass with bullet holes near the intersection of 35th Street and Woodland Avenue. License plate readers located at this intersection captured a black Jeep Cherokee arriving at the scene at times that coincide with the shooting. A separate city camera at the intersection of 35th and Woodland also captured a black Jeep driving erratically by crossing into oncoming traffic and travelling at what appeared to be a high rate of speed. The city camera captured the rear of the Jeep as it was departing the intersection for the second time, which showed the rear glass window missing.

Minutes later, the covert FBI pole camera captured a black Jeep Cherokee arriving at 4429 Kensington. The video footage shows the missing rear glass window of the Jeep. The driver parks

2

the Jeep in the backyard of 4429 Kensington and defendants Franklin and Smith, and a third male, are seen walking into the residence at 4429 Kensington.

A federal search warrant was executed at 4429 Kensington on October 2, 2019. During the search, investigators located the black Jeep Cherokee, with the missing rear glass window, parked in the backyard at the residence. In addition, investigators recovered a number of firearms from 4429 Kensington which were subsequently confirmed, via ballistics testing, to have fired the spent shell casings recovered from the 35th and Woodland shooting scene.

The Government obtained the cell site location data for phones associated with defendants Franklin, Smith, and Duncan via federal search warrant, and provided this data to Agent Flohrschutz, a member of the FBI's Cellular Analysis Survey Team (C.A.S.T.). Agent Flohrschutz completed a historical mobile device location analysis of historical cell site location records for five target cell phones. Ultimately, Agent Flohrschutz was able to determine an approximate location of the respective target cell phones when they initiated contact with the network. Generally speaking, Agent Flohrschutz found that, on the date of the shooting, the target cell phones investigators attributed to defendants Franklin[1] and Smith[2], respectively, were in the vicinity of 4429 Kensington prior to the shooting and were located near 35th and Woodland at the time of the shooting. As for the target cell phone investigators have attributed to defendant Duncan[3], Agent Flohrschutz determined it was in the vicinity of 35th and Woodland at the time of the shooting.

---

[1] 816-647-4379
[2] 816-682-9927
[3] 816-933-5585

These conclusions are consistent with the statement the Government is now seeking to admit from the confidential human source (CHS 1), who the Government anticipates will testify as a witness at trial. The statement is described in more detail below.

## II. DISCUSSION

### A. Applicable Legal Principles

Hearsay is evidence of an out-of-court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is generally inadmissible, *id.* 802, but some out-of-court statements are not hearsay by rule and therefore admissible, *id.* 801(d)(2)(A)-(E). A party's out-of-court statement, for example, is not hearsay when offered by the opposing party. *Id.* 801(d)(2)(A). Likewise, statements of a party's coconspirator are not hearsay when made during and in furtherance of a conspiracy. *Id.* 801(d)(2)(E).

Moreover, there are exceptions to the rule against hearsay, applicable depending on whether the out-of-court declarant is available or unavailable to testify. *Id.* 803(1)-(23), 804(b)(1)-(6). Some exceptions apply regardless of whether the declarant is available — like, for example, the exception for out-of-court statements of the declarant's then-existing state of mind, *id.* 803(3). Other exceptions apply only when the declarant is unavailable, such as the exception for out-of-court statements offered against a party that wrongfully and intentionally caused the declarant's unavailability. *Id.* 804(b)(6).

Overlying the hearsay landscape is the Confrontation Clause of the Sixth Amendment, which guarantees every criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has held that the Confrontation Clause bars the admission of out-of-court testimonial statements unless the declarant is unavailable, and the

4

defendant had a prior opportunity to cross examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004); *Davis v. Washington*, 547 U.S. 813, 821 (2006).

This constitutional prohibition is limited in important respects. The Confrontation Clause does not bar out-of-court non-testimonial statements. The Supreme Court listed categories of testimonial statements, including formal statements to government officers, explaining that a person making such a statement "bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford*, 541 U.S. at 51. However, statements made to a government informant may not be testimonial, even if they are confessional and detailed in nature. *See United States v. Lee*, 374 F.3d 637, 644-45 (8th Cir. 2004). Moreover, coconspirator statements made in furtherance of a conspiracy "are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007) (citing *Crawford*, 541 U.S. at 51-54 (2004)); *United States v. Vargas*, 570 F.3d 1004, 1009 (8th Cir. 2009); *United States v. Reyes*, 362 F.3d 536, 540-41 (8th Cir. 2004).

Relevant to the instant motion, Federal Rule of Evidence 804 provides that an out-of-court statement of an unavailable declarant is admissible when the statement made is against the declarant's interest and is sufficiently corroborated. Specifically, as it relates to the statement at issue, the Rule states:

> (a) Criteria for Being Unavailable. A declarant is considered to be unavailable as a witness if the declarant:
>
> (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;
>
> (b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> (3) Statement Against Interest: A statement that:

> (A) a reasonable person in the declarant's position would
> have made only if the person believed it to be true
> because, when made, it was so contrary to the declarant's
> proprietary or pecuniary interest or had so great a tendency
> to expose the declarant to civil or criminal liability; and
>
> (B) is supported by corroborating circumstances that clearly
> indicate its trustworthiness, if it is offered in a criminal case
> as one that tends to expose the declarant to criminal liability.

For the reasons that follow, the statement made by defendant Franklin to CHS 1 is admissible pursuant to Rule 804(b)(3) as a statement made by an unavailable declarant against interest that is sufficiently corroborated. As will be discussed in more detail below, this statement is admissible not only against defendant Franklin, but also against defendants Smith and Duncan, as well.

B. **The Statement Made to CHS 1 on September 9, 2019**

The Government intends to call CHS 1 as a witness to testify regarding a multitude of statements made to CHS 1 over the course of the charged conspiracy. Specifically, relevant to this motion, the Government plans to elicit testimony from CHS 1 detailing the following statement made by Roy Franklin to CHS 1 on September 9, 2019.[4]

CHS 1 responded to 4429 Kensington in the evening hours of September 9, 2019. Upon CHS 1's arrival at Kensington, CHS 1 spoke with Roy Franklin (defendant Franklin). Defendant Franklin told CHS 1 that earlier that same day (September 9, 2019), "Deej," called defendant Franklin and "Dogg." Investigators know "Deej" to be a moniker of David Duncan IV (defendant Duncan). Further, investigators know "Dogg" to be a moniker of Ladele Smith (defendant Smith).

Defendant Franklin relayed to CHS 1 that "Deej" called "Dogg" and defendant Franklin and told them that there were two people outside his ("Deej") store, located at 35th Street and

---

[4] An FBI report detailing this statement has been disclosed to defense counsel (FBI_34200-34202).

Woodland Avenue, Kansas City, Missouri (hereinafter referred to as 35th and Woodland). "Deej" further stated the people were wearing all black and described their hair styles and general description. "Deej" told defendant Franklin and "Dogg" that he believed they were outside the store in order to ambush and kill him ("Deej") because he had a $50,000 reward on his head. "Deej" called defendant Franklin and "Dogg" to come to his location at 35th and Woodland and kill the men while "Deej" was inside the store. Defendant Franklin told CHS 1 that "Deej" also tried to contact "Twin," known to investigators as Cory Brown, but "Twin" did not answer the phone.

Defendant Franklin then told CHS 1 that he (defendant Franklin) arrived at Kensington in a Cadillac and began transferring guns and ammunition from the Cadillac to a black Jeep Cherokee parked in the back yard of Kensington. Defendant Franklin further stated defendant Smith was taking too long to get ready to go, but they then both entered the black Jeep Cherokee. Defendant Franklin told CHS 1 that he (defendant Franklin) was driving the Jeep and defendant Smith was a passenger in the Jeep. Defendant Franklin stated they drove toward the area of 35th and Woodland.

Defendant Franklin stated that there was a third person in the black Jeep, whose name CHS 1 did not know. Once the Jeep arrived in the vicinity of 35th and Woodland, defendant Smith and the third person began shooting at the two males waiting outside defendant Duncan's store. Defendant Franklin told CHS 1 that while the shooting was ongoing, he turned the Jeep Cherokee around in the middle of the street in order to shoot at the two males additional times.

Defendant Franklin told the CHS 1 that he (defendant Franklin) saw Smith firing his gun out of the Jeep and that when defendant Franklin told Smith to shoot more, Smith said he couldn't.

7

## C. The Statement is Admissible Under FRE 804(b)(3)

Rule 804 carves out exceptions to the general exclusion of out-of-court statements made by unavailable declarants. First, the declarant must meet the criteria for being unavailable. Here, given defendant Franklin's well-established privilege against testifying in this criminal proceeding, he is an unavailable declarant and meets the criteria established by the rule. Fed. R. Evid. 804(a)(1). The analysis next moves to whether an exception to the general prohibition on admitting hearsay statements of unavailable declarants applies. In this case, the statement qualifies as a statement made against interest in that it is both inculpatory and is supported by corroborating circumstances indicating trustworthiness. Fed. R. Evid 804(b)(3)(A)-(B).

Defendant Franklin's detailed statement regarding his actions on September 9 are clearly against his pecuniary interest. In essence, defendant Franklin made a full and detailed admission of his role in the drive-by shooting. He provided specific details that were clearly inculpatory. These statements, when made to CHS 1, were, "so contrary to the declarant's proprietary or pecuniary interest," and "expose[d] the declarant to criminal liability." Fed. R. Evid 804(b)(3)(A). The Government also intends to introduce a significant amount of corroborating evidence, which tends to show this statement's trustworthiness. This evidence will include pole camera footage depicting defendants Franklin and Smith in the black Jeep Cherokee, city camera footage capturing the black Jeep Cherokee, ballistics evidence tying firearms recovered pursuant to search warrant at 4429 Kensington to spent shell casings recovered from the scene, and testimony regarding the general location of cell phone numbers attributed to defendants Smith, Franklin, and Duncan at the time of the shooting.

The statement made by defendant Franklin is admissible pursuant to Rule 804(b)(3) not only against Franklin, but also against defendants Smith and Duncan, as well. A recent Fourth

8

Circuit case involves precisely such a situation, where the statement made by an unavailable declarant incriminated not only the charged declarant, but co-defendants, as well. In *United States v Benson*, the Court "agree[d] with the district court that the statements made by [co-defendants] Benson and Kindell," which implicated each other but also implicated a third co-defendant, "were statements against interest under Rule 804(b)(3) and were sufficiently corroborated by the record." *Benson* 957 F.3d 218, 233 (4th Cir. 2020). A number of other circuits have joined the Fourth Circuit in holding that, if a statement qualifies for admission under Rule 804(b)(3), it is admissible against the codefendants as well as the declarant. *See United States v. Lang*, 589 F.2d 92, 97 (2d. Cir. 1978); *United States v. Westry* 524 F.3d 1198, 1216 (11th Cir. 2008); *United States v. Harrell*, 788 F.2d 1524, 1526 (11th Cir. 1986).

Given the evidence the Government intends to introduce corroborating this inculpatory statement made by defendant Franklin, the statement meets the criteria of Rule 804(b)(3) and should be admitted.

The Government further submits that defendant Franklin's statement to CHS 1 is non-testimonial and as such, there are no *Bruton* issues. *Bruton v. United States* 391 U.S. 123 (1968). The analysis by the Eighth Circuit of the statement introduced in *United States v. Dale* is instructive in the instant case, as that statement was made by a defendant to a cooperating witness who was, unbeknownst to Dale, working for the Government. *Dale*, 614 F.3d. 942, 954-56 (8th Cir. 2010). "[U]nder any formulation of the rule, Dale's incriminating statements made to Smith were not testimonial. Indeed, it is clear enough that Dale had no idea Smith was wearing a wire, or that the incriminating statements he made to Smith would ultimately be used against him at trial. Had Dale known the authorities were listening in, he likely would not have admitted to committing two unsolved murders. In this sense, we cannot say that Dale, in making the

9

statements, 'would reasonably expect [the statements] to be used prosecutorially.'" *Dale* 614 F.3d at 956, quoting *Crawford v. Washington* 541 U.S. 36, 51-52 (2004). The Eighth Circuit in *Dale* continued, "[t]hus, the critical distinction between *Bruton* and this case is the circumstances under which the out-of-court statement was made. Whereas in *Bruton* the incriminating statement was the product of a formal interrogation and therefore testimonial, the incriminating statements made by Dale here were made unwittingly, and not in anticipation by Dale of future use of the statements at trial." *Id.*

This Court should reach the same conclusion regarding defendant Franklin's statement to CHS 1. Defendant Franklin's statement to CHS 1 is non-testimonial and as such, does not require analysis for admissibility under *Bruton*. As the Court held in *Dale*, there's nothing to suggest defendant Franklin knew CHS 1 was cooperating with the Government and as such, Franklin's statement could not have been made in anticipation of future use at trial.

Finally, in the event this Court does not conclude that defendant Franklin's statement is admissible pursuant to Rule 804(b)(3), the Government submits in the alternative that the statement is admissible as a co-conspirator statement in that it was made during and in furtherance of the conspiracy under Rule 801(d)(2)(E). *See United States v. Lewis,* 759 F.2d 1316, 1348 (8th Cir. 1985); *United States v. Meeks*, 857 F.2d 1201, 1203 (8th Cir. 1988); and *United States v Johnson*, 925 F.2d 1115, 1117 (8th Cir. 2001).

## CONCLUSION

For all of the foregoing reasons, the Government respectfully requests that the Court admit the out-of-court statement outlined above, because it satisfies the hearsay exception under Rule 804(b)(3).

Respectfully submitted,

Teresa A. Moore
United States Attorney

By   /s/ Mary Kate Butterfield

Mary Kate Butterfield
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Suite 5510
Kansas City, Missouri  64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 8, 2022 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record:

/s/ Mary Kate Butterfield
Mary Kate Butterfield
Assistant United States Attorney