# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CR-00315-DGK-08 |
| ) | |
| LADELE D. SMITH, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTIONS TO SUPPRESS

Now before the Court are Defendant Ladele Smith's "Motion to Suppress Evidence Seized Pursuant to Order Authorizing Interceptions of Wire and Electronic Communications," ECF No. 667; Defendant's "Motion to Suppress Evidence Seized Pursuant to Search Warrant Obtained For Social Media Records," ECF No. 668; and Magistrate Judge Jill Morris' Report and Recommendation recommending the motions be denied, ECF No. 710.

After reviewing the report and conducting an independent review of the applicable law and record, *see* L.R. 74.1(a)(2), the Court agrees with the Magistrate's holdings that, with respect to the wiretap orders: (1) the wiretap applications for both Target Telephone 1 and Target Telephone 8 contained within their four corners information establishing that, under the totality-of-the-circumstances, a fair probability existed that Defendant was committing the offense of possession with the intent to distribute a controlled substance, thus establishing probable cause; (2) each application established the necessity of the wiretap because conventional investigatory techniques had been unsuccessful in exposing the full extent of the conspiracy and identity of each coconspirator; and (3) even if the search warrant applications were deficient in some way, the good-faith exception to the exclusionary rule should apply to the wiretap orders.

The Court now turns to the search warrants for Defendant's social media, that is, his Instagram, YouTube, and Snapchat accounts. As an initial matter, the Court agrees with the Magistrate's holding that Defendant's motion to suppress was timely made. With respect to the warrants themselves, the Court agrees with the Magistrate's holding that: (1) the information contained within the four corners of Special Agent McKelway's affidavits established that the search warrants were supported by probable cause; (2) the warrant for Defendant's Instagram account, which sought the entirety of his account, was not deficient as a general warrant, *see United States v. Jones*, 19-cr-341, 2021 WL 1321270, at *12-13 (D. Minn. Jan 7, 2021); (3) the Instagram account data provided by Facebook and reviewed by Special Agent McKelway did not exceed the warrant's scope; and (4) even if one or more of the search warrant applications were deficient in some way, the searches were lawful under the good-faith exception to the exclusionary rule.

The Court ADOPTS the Report and Recommendation and DENIES Defendant's motions.

**IT IS SO ORDERED.**

Date:  August 18, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

2

Case 4:19-cr-00315-DGK   Document 798   Filed 08/18/22   Page 2 of 2