IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-CR-00315-01-DGK |
| LADELE SMITH, | ) ) ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT SMITH'S MOTIONS FOR ACQUITTAL, OR ALTERNATELY, A NEW TRIAL

Pending before the Court are Defendant Ladele Smith's various motions for judgment of acquittal or for a new trial. ECF Nos. 891 (acquittal at the close of the Government's evidence), 896 (motion for new trial), 898 (amended motion for acquittal or alternately for a new trial), 899 (second amended motion for acquittal or new trial). These motions are similar to one filed by Defendant Roy Franklin seeking a judgment of acquittal or a new trial, ECF No. 889, and these motions are DENIED for similar reasons.

Federal Rule of Criminal Procedures 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Eighth Circuit has cautioned that "[a] motion for judgment of acquittal should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any essential elements of the crime charged." *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993) (citation omitted). In ruling on such a motion, "the court can neither weigh the evidence nor assess the credibility of the witnesses." *Id.* The court draws all reasonable inferences and resolves all evidentiary conflicts in

favor of the jury's verdict, but "the government is not entitled to inferences based on conjecture and speculation." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010).

Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." A district court must exercise its authority under Rule 33 "sparingly and with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009). In order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.* (internal quotation marks omitted).

In support of his motion for acquittal, Defendant Smith argues that there was insufficient evidence of a drive-by shooting to support a conviction on Count 6 (firing a weapon into a group of two or more persons in furtherance of a major drug offense) or Count 7 (discharging a firearm in furtherance of a crime of violence, namely a drive-by shooting) because there was no eyewitness testimony or other visual evidence of the shooting. These arguments are unavailing because there was testimony from a confidential informant who testified about a co-conspirator's statements about the drive-by shooting, and the informant's information is corroborated by other evidence of the shooting, including physical evidence. So the evidence in the record as a whole permits a finding that Defendant used a firearm to shoot at two individuals during a drive-by shooting.

Defendant Smith also argues there was insufficient evidence to convict him of any drug conspiracy or firearm possession on Counts 1, 2, 3, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18. Defendant contends the confidential informant was not credible, there was no positive identification of him (Defendant Smith) because identification was primarily through his hairstyle, which was a common hairstyle for those who frequented the stash house at issue, undercover buy money was never recovered from him, and neither his fingerprints or his DNA was found on any of the items in question.

2

Case 4:19-cr-00315-DGK   Document 908   Filed 11/16/22   Page 2 of 4

As a threshold matter, these arguments are meritless because in ruling on a motion for a judgment of acquittal, "the court can neither weigh the evidence nor assess the credibility of the witnesses," *Pardue*, 983 F.2d at 847, which is exactly what Defendant is asking the Court to do. Even if the Court could judge the informant's credibility and re-weigh the evidence, however, the Court would not reach a different conclusion from the jury because the evidence against Defendant on these counts was overwhelming.

Turning to Defendant's alternate request for a new trial, Defendant contends the Court committed errors of sufficient magnitude, either alone or in combination, that the Court should grant a new trial. Specifically, Defendant argues the Court erred by: (1) declining to give Defendant's proposed "buyer-seller relationship" instruction to the jury; (2) failing to instruct the jury on entrapment as it relates to the charge of conspiracy to distribute cocaine; (3) forbidding counsel from inquiring on cross-examination about the confidential informant's prior status as a "fugitive from justice" when he failed to appear in court in Johnson County, Kansas, on November 30, 2017; (4) failing to grant Defendant's motions to suppress social media records and intercepted wire and electronic communications; (5) failing to conduct a *Franks* hearing concerning wire or oral communications intercepted from Target Telephone 11; (6) failing to conduct a *James* hearing regarding the admissibility of co-conspirator statements under F.R.E. 801(d)(2)(E)[1]; (7) failing to exclude the use of Defendant's rap lyrics as substantive evidence; (8) allowing the use and mention of gang affiliation as "substantial" evidence; (9) violating the Federal Jury and Selection Act of 1968, 28 U.S.C. § 1861 et seq., because the jury was not representative of a fair cross-section of the community; and (10) failing to sever Counts Six and Seven from the drug-related charges.

These arguments are without merit. The evidence adduced at trial did not warrant giving the requested instructions, particularly in light of controlling Eighth Circuit caselaw. The Court

---

[1] Counsel acknowledges that on this point he is arguing for a change in the existing law of this Circuit.

3

Case 4:19-cr-00315-DGK   Document 908   Filed 11/16/22   Page 3 of 4

did not err in declining to permit counsel to cross-examine the confidential informant about his failure to appear in court, and even if it did err, any error had no impact on the verdict. Nor did the Court err in failing to suppress social media records and intercepted wire or electronic communications, because this evidence was not obtained in violation of the Constitution or laws of the United States, and it was relevant, admissible, and not unfairly prejudicial. The Court did not err in declining to hold any *Daubert* or *James* hearings because such hearings were not warranted under the record in this case. The Court did not err in admitting Defendant's rap lyrics or the very limited reference to the drug trafficking organization 246 as a "gang" because under Eighth Circuit precedent this evidence was relevant, admissible, and not unfairly prejudicial—particularly in the limited way the Government used it. Additionally, under controlling Eighth Circuit law, there was no violation of the Federal Jury and Selection Act simply because the ultimate composition of the jury happened to be all "white," assuming for the sake of argument the jury was, in fact, all white. Finally, the Court did not err in failing to sever Counts Six and Seven from the drug charges because there was ample evidence that the drive-by shooting was made in furtherance of the drug conspiracy at issue, namely to protect the physical safety of the members of the conspiracy.

In conclusion, the Court did not err in these rulings, nor does the evidence weigh so heavily against the verdict that a miscarriage of justice may have occurred.

The motions are DENIED.

**IT IS SO ORDERED.**

Date:  November 16, 2022           /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT